# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PHILIP JEPSEN,**

      **Plaintiff,**

**v.**                                   **Case No.  8:12-cv-1811-T-30TGW**

**LORNAMEAD, INC.,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Lornamead, Inc.'s Motion to Dismiss and Memorandum of Law in Support Thereof (Dkt. 7) and Plaintiff's Statement of Claim and Specific Petition for Damages, Motion to Deny Defendant's Motion to Dismiss (Dkt. 9).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion to dismiss should be granted.

## BACKGROUND[1]

On August 10, 2012, Plaintiff Philip Jepsen brought this action against Defendant Lornamead, Inc.  The complaint attempts to show diversity jurisdiction by stating that Jepsen is a domiciliary of Florida and that Lornamead is a corporation domiciled in the state of New York.  Lornamead is "the United States arm or representative of Lornamead Brands, domiciled in the United Kingdom."  The complaint fails to address an amount in controversy.

---

[1]For purposes of a motion to dismiss, this Court is required to accept the allegations of the complaint as true.  Therefore, the factual background is taken from those allegations.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Lornamead Brands is the manufacturer of Aqua Net hairspray, a beauty product Jepsen has used for the last twenty years.  According to the complaint, Jepsen's use of Aqua Net caused heart and kidney damage and other physical injuries, resulting in his hospitalization and rendering him uninsurable.  Jepsen is seeking an indeterminate amount of monetary damages for these injuries and expenses.

On October 1, 2012, Lornamead moved to dismiss the complaint for failure to allege facts to support subject matter jurisdiction in federal court, failure to state a claim upon which relief can be granted, and failure to sufficiently plead factual allegations that would entitle Jepsen to relief.

## **DISCUSSION**

Jepsen proceeds *pro se*.  Generally, *pro se* pleadings are held to a less strict standard and should be liberally construed.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled see *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (per curiam).  Even with the benefit of a liberal reading, the complaint is facially deficient for failure to allege facts sufficient to support subject matter jurisdiction, to state a cause of action for which relief can be granted, and "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Therefore, the complaint must be dismissed.

## I.     Lack of Subject Matter Jurisdiction

Under 28 U.S.C. § 1332, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is diversity of citizenship between parties.  In order to invoke a federal district court's diversity jurisdiction, a plaintiff must simply claim a sufficient amount in good faith.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms.  *Lawrence v. Dunbar*, 919 F. 2d 1525 (11th Cir. 1990).  "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id.* at 1529.  "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

Lornamead makes a facial attack on the complaint for failure to allege a basis for subject matter jurisdiction, specifically that no amount in controversy is alleged.  The Court agrees that the complaint fails to allege a "short and plain statement of the grounds for the court's jurisdiction," namely that the amount in controversy exceeds the sum or value of $75,000.  *See* Fed. R. Civ. P. 8(a)(1).  This Court cannot rewrite the complaint based on Jepsen's allegations about damages in his response to the motion to dismiss.  As such, the complaint is dismissed for failure to allege facts that would entitle this Court to exercise subject matter jurisdiction over the case.

## II.     Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed facts are not necessary, but a claim must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of the harm alleged.  *Twombly*, 550 U.S. at 555.

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true and review the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, legal conclusions in a pleading are not entitled to the assumption of truth and must be supported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

At best, Jepsen's complaint is severely deficient.  He alleges that Lornamead's parent company is the manufacturer of Aqua Net, a hair product he has used for the last twenty years.  He alleges that the use of Aqua Net "resulted in heart and kidney damage and other physical injuries, which in turn resulted in hospitalization in intensive care and rendered him uninsurable."   Jepsen seeks "relief by way of monetary damages in an amount to be determined after all evidence is presented and considered."

These allegations do not state a cause of action for which relief can be granted.  They do not even identify what cause of action Jepsen is attempting to allege.  Furthermore, even if this Court were to speculate that Jepsen is trying to allege a tort based on a theory of product liability, Jepsen fails to allege sufficient facts *in his complaint*,[2] that if accepted as true, would "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 556.

It is therefore ORDERED AND ADJUDGED that:

1. Lornamead, Inc.'s Motion to Dismiss (Dkt. 7) is GRANTED.

2. This case is dismissed without prejudice to Plaintiff to amend within twenty (20) days of the date of this Order.

3. If Plaintiff fails to file an amended complaint within twenty (20) days, this Court may close this case without further notice.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1811.mtdismiss.frm

---

[2]Jepsen appears to treat his response as an amended complaint, stating two causes of action and providing more factual details.  However, this Court cannot rely on factual allegations in a response to a motion to dismiss when considering the sufficiency of the complaint itself.  *See, e.g., Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) ("In deciding a motion to dismiss, a court can examine only the four corners of the complaint.").  The Court makes no comment on the sufficiency of the response's allegations if Jepsen chooses to refile it as an amended complaint.