# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

PHILIP JEPSEN, *pro se*,

      Plaintiff,

v.                                                      Case No: 8:12-cv-1811-T-30TGW

LORNAMEAD, INC.,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion for Final Summary Judgment (Dkt. #22) and Plaintiff's Response in Opposition to Motion (Dkt. #23). Plaintiff, Philip Jepsen, initiated this action *pro se* for negligence and "toxic tort product liability" based on his use of Defendant's hairspray product. Plaintiff was hospitalized for atrial fibrillation, and he contributes the condition to his ongoing use of the hairspray.  Defendant Lornamead, Inc. moves for summary judgment on the basis that Plaintiff has produced no medical or scientific evidence to support his allegations of negligence or products liability.

It is well established that if a Plaintiff's cause of action relies on medical or scientific evidence, the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *See generally Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579 (1993). Plaintiff admitted in his deposition that he does not have any medical evidence to support his allegations of negligence or product

liability. In his Response, Plaintiff claims that he will produce scientific evidence at trial, but has delayed doing the research and obtaining the necessary experts due to the expense.  His only evidence thus far is based on his own internet research of scientific studies regarding the negative effects of cyclohexylamine, one of the listed ingredients in the hairspray.

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

 It is undisputed that Plaintiff has produced no admissible scientific or medical evidence to support his allegations against the Defendant; therefore summary judgment is appropriate at this time.

It is therefore ORDERED AND ADJUDGED that:

1.    Defendant's Motion for Summary Final Judgment (Dkt. #22) is GRANTED.

2.     The clerk is directed to enter judgment in favor of Defendant and against

Plaintiff.

**3.**     All pending motions are denied as moot. The clerk is directed to close this

file.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of November, 2013.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1811 msj.docx